IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROGER D. MAY                                                        PLAINTIFF

vs.                              Civil No. 4:08-cv-04112

MICHAEL J. ASTRUE                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Roger D. May ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

## 1. Background:

Plaintiff filed his disability applications on April 19, 2006.  (Tr. 41-43, 150-152).  In these

applications, Plaintiff alleged an onset date of March 7, 2006. (Tr. 41, 150).  Plaintiff alleged he was

disabled due to heart problems, blackout spells, shortness of breath, and back pain. (Tr. 97A).  These

applications were initially denied on July 25, 2006 and were denied again on reconsideration on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

December 29, 2006.  (Tr. 21-22).  On February 12, 2007, Plaintiff requested an administrative hearing on his applications.  (Tr. 27).  This hearing request was granted, and a hearing on this matter was held on March 13, 2008 in Texarkana, Arkansas.  (Tr. 175-196).  Plaintiff was present and was represented by counsel, Michael Angel, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had completed the ninth grade in high school.  (Tr. 179-180).

On June 27, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 8-13A).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2011.  (Tr. 10, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 7, 2006, his alleged onset date.  (Tr. 10, Finding 2).  The ALJ determined Plaintiff had the following severe impairment: nonobstructive coronary artery disease.  (Tr. 10, Finding 3).  However, the ALJ also determined Plaintiff did not have an  impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 10, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 11-12).  First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not fully credible.  (Tr. 11).  Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the full range of light work.  (Tr. 11-12, Finding 5).  According to 20 C.F.R. §

2

404.1567(b), "light work" is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 12-13). The ALJ determined Plaintiff's PRW included work as a utility worker and chicken hanger and was classified as medium to very heavy. (Tr. 13). Because Plaintiff only retained the RFC to perform light work, the ALJ determined Plaintiff was unable to perform any of his PRW. (Tr. 13). The ALJ then applied the Medical-Vocational Guidelines ("Grids") to determine whether Plaintiff would be considered "disabled" or "not disabled" considering his age, education, RFC, and past work. (Tr. 12). The ALJ applied Rule 202.18 and determined Plaintiff was "not disabled." (Tr. 13, Finding 10). The ALJ then found Plaintiff had not been under a disability, as defined by the Act, from March 7, 2006 through the date of his decision or through June 27, 2008. (Tr. 13, Finding 11).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. *See* 20 C.F.R. § 404.968. On November 6, 2008, the Appeals Council declined the review the ALJ's unfavorable decision. (Tr. 2-4). On November 25, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 11, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

4

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the following: (A) the ALJ's decision is not supported by substantial evidence because his RFC determination is "without foundation in the record" and (B) the ALJ's decision is not supported by substantial evidence because his decision "does not contain any rationale supporting its conclusory statement that Mr. May did not suffer from a listed impairment." (Doc. No. 7, Pages 5-8).  In response, Defendant argues that the ALJ properly assessed Plaintiff's RFC and properly determined Plaintiff's impairments did not meet or equal the requirements of the Listings.  (Doc. No. 8, Pages 5-14).  This Court will address both of Plaintiff's arguments.

A.      **ALJ's RFC Determination**

Plaintiff claims the ALJ erred in evaluating his RFC.  (Doc. No. 7, Pages 5-7).  Plaintiff

claims the ALJ "did not point to any record evidence supporting its residual functional capacity

assessment."  *See id.*  Plaintiff requests a remand of the present action such that the ALJ will be

required "to provide sufficient rationale for its residual functional capacity findings."  *See id.*  In

response, Defendant argues that the ALJ properly assessed Plaintiff's RFC.  (Doc. No. 8, Pages 5-

10).  Defendant argues the ALJ's opinion clearly reflects the fact that he considered Plaintiff's

testimony, the medical evidence, and other evidence in the record in assessing Plaintiff's RFC.  *See

id.*

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required

to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must

be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See

Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should also consider "'all the

evidence in the record' in determining the RFC, including 'the medical records, observations of

treating physicians and others, and an individual's own description of his limitations.'"  *Stormo v.

Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th

Cir. 2002)).  The plaintiff has the burden of producing documents to support his or her claimed RFC.

*See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and

for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in

the workplace" that supports its RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir.

2001).   Furthermore, this Court is required to affirm the ALJ's RFC determination if that

determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In the present action, this Court finds the ALJ's assessment of Plaintiff's RFC was proper. The ALJ expressly stated he considered Plaintiff's statements as to his symptoms and functional limitations, the medical evidence during the relevant time period, and the conservative nature of the treatment rendered.  (Tr. 11-12).  The ALJ also evaluated Plaintiff's diagnosis of nonobstructive coronary artery disease and evaluated Plaintiff's medical records from Dr. Buffington.  *See id.* Importantly, the ALJ focused upon Plaintiff's failure to obtain follow-up treatment.  In general, the failure to obtain follow-up treatment indicates that a person's condition may not be disabling or may not be as serious as alleged.  *See Shannon v. Chater,* 54 F.3d 484, 487 (8th Cir. 1995) (holding "[g]iven his alleged pain, Shannon's failure to seek medical treatment may be inconsistent with a finding of disability").  This finding, as well as the ALJ's evaluation of the record, is "some medical evidence," *Lauer,* 245 F.3d at 703-04, and provides substantial evidence supporting the ALJ's RFC determination.  Therefore, this Court finds the ALJ's RFC determination is supported by substantial evidence and should be affirmed.

### B.    Evaluation of the Listings of Impairments

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence because it does not contain any "rationale supporting its conclusory statement that Mr. May did not suffer from a listed impairment."  (Doc. No. 7, Pages 7-8).  In his briefing, Plaintiff cited several cases from other circuits and stated that the ALJ was required to "discuss the evidence" and "explain the reasons why the claimant's impairment did not meet or equal a listing."  *See id.*  In the Eighth Circuit, however, while it is preferable that an ALJ address a specific listing, the failure to do so is

7

not reversible error if the record supports the overall conclusion. *See Pepper ex rel. Gardner v. Barnhart,* 342 F.3d 853, 855 (8th Cir. 2003). Therefore, as long as the record supports the "overall conclusion" that Plaintiff does not meet the requirements of any of the listings, the ALJ did not err by failing to provide his rationale.

In the present action, Plaintiff does not claim or offer any briefing establishing the record does not support this overall conclusion. (Doc. No. 7, Pages 7-8). Plaintiff does not even claim *which* listing he meets. *See id.* Accordingly, this Court finds no error with the ALJ's evaluation of the listings, and this Court will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

## 4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of January, 2010.**

> s/ Barry A. Bryant
> HON. BARRY A. BRYANT
> U. S. MAGISTRATE JUDGE

8